IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FINIR CLEVELAND,<br><br>    Plaintiff,<br><br>v.<br><br>MID-SOUTH BELLS, LLC<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Finir Cleveland ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages against Defendant Mid-South Bells, LLC ("Defendant") and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant for violations of her rights under 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff's Notice of Right to sue on October 3, 2023.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is an African-American citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, at 289 S. Culver St., Lawrenceville, GA 30046-4805.

## FACTS

9.

Plaintiff was hired by Defendant as a Crew Member on or about January 10, 2018.

10.

At the relevant time, Plaintiff had received two promotions and was employed as an Assistant General Manager.

11.

Starting in July 2023, although Plaintiff had requested shift changes, Sara Meloy, Area Manager, would not allow Plaintiff to work her desired shift.

12.

Other individuals were approved for schedule changes, including other managers. One such manager was a white manager, Kayla Christian, who was allowed to leave early in contravention of Defendant's policies.

13.

On or about July 24, 2023, Meloy asked a new manager who was starting how they were going to feel working in a store with "a whole bunch of black people."

14.

On or about July 29, 2023, Plaintiff reported Meloy's racist comment and that Plaintiff believed that her shift was not being changed because of her race to Ebony Taylor, a Human Resources employee.

15.

Less than a week later, Plaintiff was told by Taylor that her report was corroborated, but nothing would be done to Meloy.

16.

A few days after Taylor provided input, Plaintiff reported the situation to Bobby Hoffman, who works under Defendant's CEO.

17.

A few hours later, Taylor called Plaintiff's personal number. Taylor was extremely angry that Plaintiff had spoke with Hoffman about the situation, told her to leave the situation alone, and that she would call to inform Plaintiff about what was going to happen soon, but it was not what Plaintiff thought was going to happen.

18.

Then, on or about August 9, 2023, Plaintiff came in to work a shift.

19.

Towards the end of the shift, Plaintiff was told there was a call for her.

20.

When she answered the phone, it was Taylor. Taylor asked what Plaintiff was doing at the store.

21.

When Plaintiff then asked Taylor what she meant, Taylor told Plaintiff that she had been terminated a few days earlier, on August 6, 2023, because she purportedly no call no showed.

22.

Taylor refused to explain to Plaintiff when she had no-call no-showed despite repeated questioning.

23.

After her termination, Christian told Plaintiff that Defendant knew Plaintiff had not no-call no-showed, but she did not want to sign a paper saying so because she was scared of being retaliated against because of what happened to Plaintiff.

24.

Even if Plaintiff had no call no showed, numerous other employees had no call no-showed and were not terminated.

25.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse actions, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e., inviduals who had not reported racial discrimination.

# COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26.

Plaintiff re-alleges paragraphs 9-26 as if set forth fully herein.

27.

Plaintiff engaged in protected activity under Title VII when she complained about racial discrimination.

28.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

29.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was untertaken in bad faith. Plaintiff is entitled to punitive damages.

30.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation, including lost wages and emotional distress caused by her termination.

## COUNT II: VIOLATION OF 42 U.S.C. § 1981 RETALIATION

31.

Plaintiff re-alleges paragraphs 9-26 as if set forth fully herein.

32.

Plaintiff engaged in protected conduct when she complained about race-based discrimination.

33.

Defendant subjected Plaintiff to adverse employment action after Plaintiff engaged in protected conduct.

34.

There was a causal connection between the protected conduct and the adverse action.

35.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

36.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is entitled to punitive damages.

37.

Defendant, therefore, is liable for the damages caused proximately resulting from its retaliation. Plaintiff is entitled to, *inter alia*, punitive and compensatory damages, including damages for lost wages and emotional distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C) Grant Plaintiff General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D) Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E) Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F) Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G) Grant injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(H) Award Plaintiff such further and additional relief as may be just and appropriate.

This 8th day of November, 2023.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com